## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:17CR00014 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL PAUL RIEBE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia for United States; Timothy W. McAfee, Big Stone Gap, Virginia, for Defendant.*

In this criminal case, the magistrate judge held that two of the defendant's retained attorneys had an unwaivable conflict of interest because they are defending related parties on a contingency fee basis in a civil case arising out of the same events. The magistrate judge found that attorneys C. Thomas Brown and Erik B. Lawson have a financial interest in the outcome of this case because the entry of a guilty plea in this case would affect their ability to collect a fee in the related civil case. The defendant has objected to the magistrate judge's order.

A ruling of a magistrate judge as to nondispositive matters may be reversed only upon a finding that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). I find that the magistrate judge's ruling is not clearly erroneous or contrary to law. Therefore, I will overrule the defendant's objections and affirm the magistrate judge's order.

Accordingly, it is **ORDERED** as follows:

1.    Michael Riebe's Objections Pursuant to Federal Rule of Criminal Procedure 59 to That Portion of the Order of United States Magistrate Judge Pamela Meade Sargent Entered on August 2, 2017 Disqualifying Counsel (ECF No. 43) are OVERRULED; and

2.    The magistrate judge's Memorandum Order (ECF No. 42) is AFFIRMED.

ENTER: October 2, 2017

/s/ James P. Jones
United States District Judge